José Alfredo Hernández, Esq. (SBN 212002)
Law Office of José Alfredo Hernández,
*A Professional Corporation*
924 E. Chapman Avenue
Orange, California 92866
Tel: (714) 568-4529
Fax: (714) 415-2017
JoseAlfredo@1JAHLAW.com

Counsel for Petitioner,

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| Alejandro Cisneros-Ruiz,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD BLANCHE, Attorney General; David Venturella, Acting Director, Immigration and Customs Enforcement; ANDRES QUINONES, Los Angeles Field Office Director, Immigration and Customs Enforcement; WARDEN, ADELANTO ICE PROCESSING CENTER; DEPARTMENT OF HOMELAND SECURITY; EXECUTIVE OFFICE OF IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondents. | Civil Case No.:<br>A-No.: 200-154-288<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**VERIFIED** |

## I. INTRODUCTION

1. After more than two years of good faith participation in his removal proceedings, including a direct appeal that remains pending before the Board of Immigration Appeals, Alejandro Cisneros Ruiz finds himself detained at the Adelanto ICE Processing Center with no bond hearing, no custody review, and no meaningful explanation for either. He brings this petition under 28 U.S.C. § 2241 to correct that. Mr. Cisneros Ruiz is not subject to a final order of removal. His timely appeal from the Immigration Judge's June 18, 2024 decision was received by the Board on July 11, 2024, and remains undecided. Because the order is not administratively final, the only lawful basis for holding him is the discretionary detention authority of INA § 236(a), 8 U.S.C. § 1226(a), a provision that comes with a statutory and regulatory guarantee: an individualized bond hearing before an Immigration Judge. He has never received one.

2. Respondents have held Mr. Cisneros Ruiz since August 5, 2026 without a custody determination, without identifying any ground of removability that would justify mandatory detention, and without giving him any chance to be heard on flight risk or danger. That is not a close question under the Immigration and Nationality Act, and it is not a close question under the Due Process Clause of the Fifth Amendment. Mr. Cisneros Ruiz asks this Court to issue an order to show cause, to confirm that he is entitled to an individualized bond hearing, and, if Respondents cannot promptly provide one, to order his release under reasonable conditions of supervision.

## II. JURISDICTION AND VENUE

3. Jurisdiction lies under 28 U.S.C. § 2241(c)(3), because Mr. Cisneros Ruiz is in custody in violation of the Constitution and laws of the United States, and under 28 U.S.C. § 1331.

4. This petition takes no issue with the underlying removal order or with any ruling by the Immigration Judge or the Board. It challenges only the legal authority for continued custody, a distinction the Supreme Court has repeatedly recognized as preserving habeas jurisdiction notwithstanding 8 U.S.C. §§ 1252(a)(5) and 1252(g). See Demore v. Kim, 538 U.S. 510 (2003); Zadvydas v. Davis, 533 U.S. 678 (2001); Jennings v. Rodriguez, 583 U.S. 281 (2018).

5. Venue is proper in this district because Mr. Cisneros Ruiz is confined at the Adelanto ICE Processing Center, within the Central District of California, and his immediate custodian is located here. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

## III. PARTIES

6. Petitioner Alejandro Cisneros Ruiz, A# 200-154-288, is a native and citizen of Mexico currently detained at the Adelanto ICE Processing Center.

7. Respondent Warden, Adelanto ICE Processing Center, has day-to-day custody of Mr. Cisneros Ruiz and is his immediate custodian.

8. Respondent Andres Quinones is the Field Office Director for the Los Angeles Field Office of U.S. Immigration and Customs Enforcement, which oversees Mr. Cisneros Ruiz's custody.

9. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement.

10. Respondent Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security. Each Respondent is sued in his official capacity only.

## IV. STATEMENT OF FACTS

### A. Removal Proceedings and Petitioner's Pending Appeal to the Board

11. Mr. Cisneros Ruiz has lived in the United States for over three decades. He is the father of three United States citizen children.

12. DHS placed him in removal proceedings before the Santa Ana Immigration Court on a single charge: presence in the United States without admission or parole under INA § 212(a)(6)(A)(i),

8 U.S.C. § 1182(a)(6)(A)(i). Notably absent from that charging document, and from the Immigration Judge's decision, is any ground of removability tied to a criminal conviction.

13. He applied for Special Rule Cancellation of Removal under the Violence Against Women Act, INA § 240A(b)(2), 8 U.S.C. § 1229b(b)(2).

14. Immigration Judge Iman Ghasri denied that application on June 18, 2024, and ordered him removed to Mexico. DHS waived its right to appeal. Mr. Cisneros Ruiz reserved his.

15. He followed through. The written decision, mailed June 20, 2024, gave him until July 18, 2024 to appeal. The Board's Office of the Clerk received his notice of appeal on July 11, 2024, well within that window.

16. That appeal has been sitting with the Board ever since. No briefing schedule has issued. No brief is presently due from either side.

17. Under settled law, none of that adds up to a final order. INA § 101(a)(47)(B), 8 U.S.C. § 1101(a)(47)(B), makes clear that an order becomes final only when the Board affirms it or the time to appeal lapses unused. The regulations say the same: an appeal to the Board automatically stays execution of the order under review, 8 C.F.R. § 1003.6(a), and finality does not attach until the Board disposes of the appeal, 8 C.F.R. § 1241.1(a). Mr. Cisneros Ruiz's order satisfies neither condition.

**B. A Decade of Compliance Under Conditions of Release**

18. DHS took Mr. Cisneros Ruiz into custody when removal proceedings commenced in 2011, on a Notice to Appear dated October 20, 2011. He did not stay in custody long. On November 10, 2011, Immigration Judge Kevin W. Riley granted his request for a custody redetermination and set a $4,000 bond under 8 C.F.R. § 236.1(c). Mr. Cisneros Ruiz posted that bond five days later, on November 15, 2011, and DHS accepted it. ICE Form I-352, Receipt No. LOS-C-111149.

19. He has been out on that bond, and in compliance with it, ever since. His proceedings were administratively closed by joint request of the parties on February 26, 2015, later recalendared, and eventually proceeded to the merits hearing that produced the June 18, 2024 decision described above. For at least the two years before his August 2026 detention, he reported for every scheduled ICE check-in.

20. This is not the record of a flight risk. It is the record of a man who has done exactly what the government asked of him, under a bond he posted and never breached, for the better part of fifteen years.

**C. A Detention That Followed an Honest Mistake, Not an Attempt to Flee**

21. On August 4, 2026, Mr. Cisneros Ruiz was due for a routine check-in with ICE Enforcement and Removal Operations ("ERO"). He miscalendared the date and believed, in good faith, that he was due to report the following day.

22. As soon as he realized the error, he did what someone with nothing to hide does: he showed up. He appeared voluntarily at the ERO office on August 5, 2026, and ICE took him into custody on the spot. That is not the conduct of someone evading the government. It is the opposite.

23. He has remained at Adelanto ever since. Officer Cordova is the deportation officer of record, as confirmed to undersigned counsel by Lieutenant Lopez of ICE ERO.

24. As of this filing, that amounts to roughly twenty-two days in custody, without so much as a document explaining the legal basis for it.

25. Respondents have not afforded him any bond hearing, custody redetermination hearing, or other individualized assessment of flight risk or danger since his detention.

26. Undersigned counsel wrote to ICE's Office of the Principal Legal Advisor and to Officer Cordova, asking for the Form I-286, the Form I-203, any custody classification or detention memorandum, any document given to Mr. Cisneros Ruiz at the time of his arrest, and written

confirmation of the statutory authority for his detention, including whether ICE considers the removal order final. Counsel asked, in the alternative, that Mr. Cisneros Ruiz simply be released under supervision. That letter has gone unanswered.

**D. Nothing in This Record Triggers Mandatory Detention**

27. DHS never charged Mr. Cisneros Ruiz as removable for a crime, and the Immigration Judge never found him removable for one. The only sustained ground, presence without admission or parole, does not appear anywhere on the list of offenses that trigger mandatory detention under INA § 236(c)(1), 8 U.S.C. § 1226(c)(1).

28. His criminal record does not change that. Two misdemeanor DUI convictions, in 2004 and 2008, under Vehicle Code § 23152. A single misdemeanor domestic battery conviction under Penal Code § 243(e)(1) from 2011, resolved with thirteen days in custody. And a misdemeanor vehicular manslaughter conviction under Penal Code § 192(c)(2) from 2017, charged and sentenced expressly without gross negligence. None of it is an aggravated felony under INA § 101(a)(43). None of it is a controlled substance offense, a firearms offense, or anything described in INA § 237(a)(2)(D).

29. Nor do these convictions add up to a disqualifying combination of moral turpitude offenses. Simple DUI is not a crime involving moral turpitude in this Circuit. Matter of Torres-Varela, 23 I&N Dec. 78 (BIA 2001) (en banc). Vehicular manslaughter charged and proven without gross negligence, requiring nothing more than ordinary negligence, is not one either. That leaves, at most, a single moral turpitude offense from 2011, and it falls comfortably within the petty offense exception to inadmissibility, given a maximum possible sentence under one year and an actual sentence of thirteen days. INA § 212(a)(2)(A)(ii)(II), 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

30. Strip away the mandatory detention grounds that do not apply, and what remains is discretionary detention under INA § 236(a), which comes with a bond hearing as a matter of

right upon request. 8 C.F.R. §§ 236.1(d), 1003.19. Mr. Cisneros Ruiz has asked. He has not received one.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

*(Detention Without Statutory Authority; Violation of INA § 236 and Implementing Regulations)*

31. Petitioner realleges and incorporates the foregoing paragraphs.

32. A removal order under appeal is not a final order, and Respondents cannot treat it as one. INA § 101(a)(47)(B); 8 C.F.R. §§ 1003.6(a), 1241.1(a). Whatever authority Respondents believe they have to detain Mr. Cisneros Ruiz under the post order removal period provisions of INA § 241(a), 8 U.S.C. § 1231(a), or to execute his removal, they do not have it while his appeal remains pending.

33. If Respondents are treating him as though a final order already existed, that classification is simply wrong and should be corrected by this Court.

34. What remains is INA § 236(a). Because none of the mandatory detention grounds in INA § 236(c)(1) reaches him, Respondents' refusal to provide an individualized bond hearing is a violation of that statute and of 8 C.F.R. §§ 236.1(d) and 1003.19, not a matter left to discretion.

### SECOND CLAIM FOR RELIEF

*(Violation of Procedural Due Process, Fifth Amendment)*

35. Petitioner realleges and incorporates the foregoing paragraphs.

36. The Fifth Amendment's guarantee of due process applies with full force to noncitizens in immigration custody. Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

37. Mr. Cisneros Ruiz has been held for roughly twenty-four days without a single hearing on whether he presents a flight risk or a danger to anyone, despite a record that points the other way at every turn: a voluntary, next day appearance after an honest scheduling mistake, a $4,000 bond posted in 2011 and never breached, roughly fifteen years of compliance with the

government's conditions of release, three United States citizen children, and a small business he has run in Fullerton for years.

38. Locking someone up under those circumstances, without so much as an opportunity to be heard, is not a close constitutional question. It is arbitrary, and it violates due process.

## VI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

A. Issue an order to show cause requiring Respondents to justify Mr. Cisneros Ruiz's continued detention;

B. Declare that his detention is not authorized under INA § 241(a), 8 U.S.C. § 1231(a), because his removal order is not administratively final;

C. Declare that he is detained, if at all, under INA § 236(a), 8 U.S.C. § 1226(a), and is entitled to an individualized bond hearing before an Immigration Judge;

D. Order Respondents to provide that hearing within seven (7) days of the Court's order, with the burden on the government to prove flight risk or danger to the community;

E. In the alternative, order his immediate release from custody under reasonable conditions of supervision;

F. Award Petitioner his reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

G. Grant such other and further relief as the Court deems just and proper.

Dated: August 28, 2026

Respectfully Submitted,

*/s/ José Alfredo Hernández*

José Alfredo Hernández, Esq. (SBN 212002)
Attorney for Petitioner
Alejandro Cisneros Ruiz
Law Office of José Alfredo Hernández,
*A Professional Corporation*
924 E. Chapman Ave.
Orange, CA 92866

**VERIFICATION OF COUNSEL**

I, Jose Alfredo Hernandez, declare under penalty of perjury under the laws of the United States that I am counsel of record for Petitioner Alejandro Cisneros Ruiz; that I have prepared this petition based on my review of the immigration court record, my correspondence with U.S. Immigration and Customs Enforcement, and my communications with Mr. Cisneros Ruiz and his family; and that the foregoing is true and correct to the best of my knowledge, information, and belief. I submit this verification because my client is presently detained and unavailable to sign personally. See 28 U.S.C. § 2242; Rule 2(c), Rules Governing Section 2254 Cases (applicable to § 2241 petitions under Rule 1(b)).

Dated: August 28, 2026

Respectfully Submitted,

*/s/ José Alfredo Hernández*

José Alfredo Hernández, Esq. (SBN 212002)
Attorney for Petitioner
Alejandro Cisneros Ruiz

## CERTICIATION OF COMPLAINCE WITH LOCAL RULE 11-6.2

The undersigned, counsel of record for Petitioner, certifies that this *Petition for Writ of Habeas Corpus* contains 2,517 words, which complies with word limit of Local Rule 11-6.1.

Dated: August 28, 2026

Respectfully Submitted,

*/s/ José Alfredo Hernández*

______________________________

José Alfredo Hernández, Esq. (SBN 212002)
Attorney for Petitioner
Alejandro Cisneros Ruiz