UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO CISNEROS-RUIZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-04984 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. THE PETITION

Petitioner Alejandro Cisneros-Ruiz filed the instant Petition on August 28, 2026. [Dkt. No. 1.] According to the Petition, Petitioner was released on bond from immigration detention in November 2011. [Dkt. No. 1 at 4.] Petitioner alleges he subsequently resided in the United States for over a decade before being re-detained by immigration officials without notice or a hearing on August 5, 2026. [Id. at 5.] Petitioner acknowledges that he has a criminal record consisting of two Driving Under the Influence ("DUI") convictions in 2004, a domestic battery conviction from 2011, and

a vehicular manslaughter conviction from 2017, all misdemeanors. [Id. at 6.] Petitioner alleges the following grounds for relief: (1) a lack of a bond hearing in violation of the Immigration and Nationality Act; and (2) re-detention in violation of the procedural due process clause of the Fifth Amendment. [Id. at 7-8.] Petitioner requests a bond hearing where the government bears the burden to prove flight risk or danger to the community, or, in the alternative, immediate release from custody. [Id. at 8.] Petitioner also requests declaratory relief. [Id.]

## II. PROCEDURAL HISTORY

On August 28, 2026, Respondents received notice of General Order 26-05, requiring Respondents to file an answer within 7 days. [Dkt No. 5.] No responsive pleading was filed. On September 9, 2026, the Court issued an order to show cause requiring a response by no later than September 11, 2026. [Dkt. No. 9.] To date, Respondents have not appeared or otherwise defended the case.

## III. ANALYSIS

### A. Due Process

Petitioner argues that his re-detention is in violation of the procedural due process clause of the Fifth Amendment. [Dkt. No. 1 at 7-8.] The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many, but not all, courts have found that noncitizens released on parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting

cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"); but see Kilroy v. Los Angeles Unified Sch. Dist., No. CV 16-09068-DMG-JDE, 2018 WL 7916367, at *10 (C.D. Cal. Dec. 6, 2018), report and recommendation adopted sub nom., 2019 WL 1429615 (C.D. Cal. Mar. 29, 2019), aff'd, 810 F. App'x 558 (9th Cir. 2020) ("The Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing" (citation omitted)). This is in part because an individual who has been released on parole has an "implicit promise that parole will be revoked only if he fails to live up to the parole conditions." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

Petitioner alleges he resided in the United States for over a decade on bond before being re-detained by immigration officials without notice or a hearing on August 5, 2026. [Dkt. No. 1 at 5.] Petitioner's release on bond appears to have entitled him to notice and a hearing before his release was revoked. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 967, 970 (N.D. Cal. 2019) (holding that a petitioner released under conditions of supervision was entitled to pre-deprivation notice and a hearing before re-arrest); but see Kilroy v. Los Angeles Unified Sch. Dist., 2018 WL 7916367, at *10 ("The Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing" (citation omitted)). Respondents have not provided any argument regarding whether Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of his release.

Respondents' failure to appear and defend the case is a concession to this alleged due process violation. The Court finds that Petitioner was entitled to notice and a hearing before the revocation of his release. As such, the Court finds Respondents violated Petitioner's procedural due process rights.[1]

B. Remedy

In light of the above analysis, the only remaining question before the Court is the appropriate remedy. Petitioner seeks either a bond hearing or release from immigration detention. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." Lujan v. Garcia, 734 F.3d 917, 933 (9th Cir. 2013) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). A bond hearing, rather than release, may be the appropriate remedy for a procedural due process violation when the petitioner has a significant criminal history. See Castro Maradiaga v. Warden of the Golden State Annex Det. Facility, No. 1:25-CV-1779-DJC-JDP, 2026 WL 698807, at *4–5 (E.D. Cal. Mar. 12, 2026), report and recommendation adopted sub nom., 2026 WL 881232 (E.D. Cal. Mar. 31, 2026), vacated sub nom. on other grounds, 2026 WL 1027935 (E.D. Cal. Apr. 16, 2026) (holding that due process was satisfied with a post-deprivation bond hearing within five days because the petitioner had arrests and charges related to domestic abuse, child abuse, and assault). In a bond hearing, "a

[1] In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

neutral decisionmaker can consider all of the facts and evidence before him to determine whether Petitioner in fact presents a risk of flight or dangerousness." Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

Here, Petitioner acknowledges that he has a criminal record consisting of two DUI convictions in 2004, a domestic battery conviction in 2011, and a vehicular manslaughter conviction in 2017. [Dkt. 1 at 6.] The vehicular manslaughter conviction notably occurred after Petitioner was released on bond from immigration detention in November 2011. Given the facts of this case, the Court finds the appropriate remedy to be a bond hearing pursuant to 8 U.S.C. § 1226(a). See Archundia v. Wofford, No. 1:26-CV-01452-DJC-CSK, 2026 WL 607977, at *2 (E.D. Cal. Mar. 4, 2026) (holding that a petitioner re-detained after release on bond was entitled to a post-deprivation bond hearing, as opposed to release, because of an arrest for prostitution); see also R.D.T.M. v. Wofford, No. 1:25-CV-01141-KES-SKO (HC), 2026 WL 191638, at *1 (E.D. Cal. Jan. 23, 2026) (finding a bond hearing to be the appropriate remedy when the petitioner was

///

///

///

///

///

///

///

///

///

///

entitled to a pre-deprivation hearing before re-detention).

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;

2. Petitioner Alejandro Cisneros-Ruiz (A# 200-154-288) must be provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order; and

3. Judgment shall be entered accordingly.

DATED: 09/16/2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge